UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-20753

JUAN VALDEZ,

    Plaintiff,

vs.

MEDX STAFFING, INC. and
NOMI HEALTH, INC.,

    Defendants.
_____/

### COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Juan Valdez, through his undersigned counsel and sue Defendants, Medx Staffing, Inc. and Nomi Health, LLC, for unpaid/underpaid overtime wages as follows:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Juan Valdez**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of the Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Medx Staffing, Inc. ("Medx")**, is a foreign for-profit corporation authorized to conduct its business in Florida and is *sui juris*. Defendant has conducted its medical staffing service business in multiple states, including in this District, at all times material.

1

6. **Defendant, NoMi Health, Inc. ("Nomi")**, is a foreign for-profit corporation authorized to conduct its business in Florida and is *sui juris*. Nomi conducted its healthcare testing and treatment business in numerous locations, including in this District, at all times material.

7. Defendants were Plaintiff's employer(s), as the term "employer" is defined by 29 U.S.C. §203 (d).

8. Defendants, Medx and Nomi, would conduct or coordinate the training and established policies and procedures applicable to Plaintiff.

9. Defendants, Medx and Nomi, jointly employed Plaintiff within the meaning of 29 C.F.R. §791.2, as they shared a common workforce with a common purpose and utilized a unified nucleus of control and are therefore jointly and severally liable for all overtime wages, liquidated damages, attorneys' fees, and costs awarded to Plaintiff.

10. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

11. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

## FLSA Jurisdictional Allegations

12. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

13. Defendant, MedX, engaged in interstate commerce through its provision of staffing services in locations in different states, including in Florida, and paying personnel working in Florida and other states.

14. Defendant, Nomi, engaged in interstate commerce by providing medical testing and treatment services in different states, including in Florida, as well as paying personnel working in Florida and other states.

15. Furthermore, Defendants engaged in interstate commerce through their regular and routine submission of billings and receipt of payment involving out-of-state medical payors, out-of-state insurers, and/or the United States government.

16. Defendants utilized computers, telephones, phone systems, syringes, swabs, vaccines, testing kits, computers, computer networking equipment, software, vehicles, paper, printers and copier toner, and other materials and supplies to engage in interstate commerce.

17. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or exceed $125,000 for each fiscal quarter.

## Factual Allegations

18. Plaintiff worked for the Defendants from approximately September 13, 2021, to September 13, 2022.

19. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

20. Plaintiff's work for Defendants was in, or so closely related to, the movement of commerce that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

21. Plaintiff initially worked for Defendants as a Courier who transported tents and other items designated by and for Defendants that originated from locations outside of the State of Florida for local destinations in vehicles weighing less than 10,000 lbs.

22. Defendants then required Plaintiff to drive to locations to set up and take down the temporary testing/vaccination facilities (tents) and to participate in patient registrations.

23. Defendant also required Plaintiff to perform such additional tasks as data entry at the COVID-19 testing and vaccination sites after setting up the tents and before taking them down and returning them to the locations designated by Defendants, as well as performing additional operational support duties.

24. Plaintiff utilized the tools, materials, and supplies provided to him by Defendants.

### Liability Allegations

25. Defendants assigned Plaintiff the work he was to perform, including where, when, and the hours he was to perform the work.

26. Plaintiff regularly and routinely worked more than 40 hours per week to perform services for and at the direction of Defendants.

27. Defendants required Plaintiff to log in and out of work through Nexcrew and/or other online time-tracking applications.

28. Defendants paid Plaintiff at his regular hourly rate of $20.00 per hour for each hour worked.

29. All conditions precedent were satisfied by Plaintiff and/or waived by Defendants.

30. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## COUNT I – FLSA OVERTIME VIOLATION(S) AGAINST MEDX STAFFING, INC.

Plaintiff, Juan Valdez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

31. Defendant, Medx, failed and refused to pay Plaintiff an overtime rate of one and one-half times his regular hourly rate of pay for all hours he worked beyond 40 hours in a workweek in violation of the FLSA.

32. Defendant, Medx, engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff overtime wages of one and one-half times his regular hourly rate(s) of pay for the overtime hours he worked during the past three years.

33. Defendant, Medx, has been sued previously for failing to pay its employees overtime and failing to correct its violation(s) of the FLSA. Yet, it still failed to pay Plaintiff overtime wages.

34. Defendant, Medx, either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff overtime wages of one and one-half times his regular hourly rate(s) of pay violated the FLSA and then failed to correct its violation timely.

35. Plaintiff is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Juan Valdez, demands the entry of a judgment in his favor and against Defendant, Medx Staffing, Inc., after trial by jury, and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## COUNT II – FLSA OVERTIME VIOLATION(S) AGAINST NOMI HEALTH, INC.

Plaintiff, Juan Valdez, reincorporates and re-alleges paragraphs 1 through 30 as though set forth fully herein and further alleges as follows:

36. Defendant, Nomi, failed and refused to pay Plaintiff an overtime rate of one and one-half times his regular hourly rate of pay for all the hours he worked beyond 40 hours in a workweek in violation of the FLSA.

37. Defendant, Nomi, engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff overtime wages of one and one-half times his regular hourly rate(s) of pay for the overtime hours he worked during the past three years.

38. Defendant, NoMi, has been sued previously for failing to pay its employees overtime and failing to correct its violation(s) of the FLSA. Yet, it still failed to pay Plaintiff overtime wages.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

39. Defendant, NoMi, either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff overtime wages of one and one-half times his regular hourly rate(s) of pay violated the FLSA and then failed to correct its violation timely.

40. Plaintiff is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Juan Valdez, demands the entry of a judgment in his favor and against Defendant, NoMi Health, Inc., after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Juan Valdez, demands a trial by jury of all issues so triable.

Respectfully submitted this 27th day of February 2023,

                                                s/Brian H. Pollock, Esq.
                                                Brian H. Pollock, Esq.
                                                Fla. Bar No. 174742
                                                brian@fairlawattorney.com
                                                FAIRLAW FIRM
                                                135 San Lorenzo Avenue
                                                Suite 770
                                                Coral Gables, FL 33146
                                                Tel:     305.230.4884
                                                *Counsel for Plaintiff*

8

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*